UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO JR.,

                              Plaintiff,

              -against-                                    1:20-CV-0382 (CM)

WILLIAM RIVERA,                                        ORDER OF DISMISSAL

                              Defendant.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. He asserts that his claims fall under the Court's

diversity jurisdiction. By order dated January 17, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this

action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ.

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that the federal constitutional or statutory basis for this action is "scam, misleading, lack to transfer asset, lack to transfer money, property." (ECF 2, at 2.)

Plaintiff makes the following allegations:

> He claim and I had hear other unknow[n] people on audio electronic devices that he was supporting me, that he was helping me by picking up my property, bus[i]nesses, asset to protec[t] me because of il[l]egal computer hackers, spy's, and other scame[r]s w[ere] taking them il[l]egal[l]y hacking the computers of the bus[i]ness buaure [sic] of the, citys I had my property, bus[i]nesses, asset, money, he is related and because of that he was volunt[ari]ly protecting my property, bus[i]nesses, asset, thing that could be the reason of him having me stuff. Now I have not seen a dol[l]ar, documents, titles, asset, property, bus[i]nesses that he suppose[d] to return transfer and deliver to m[e] Ernest Calvino.

(*Id.* at 5-6.) Plaintiff alleges that the injuries he has suffered include "mental damage, emotional damage, los[s] of time, lost money, disrespected." (*Id.* at 6.) He seeks as relief "retur[n], transfer, deliver my propert[ies], bus[i]nesses, asset, titles, documents, money, expl[a]nation, information about the bad situation, I am in and why." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). In an order dated January 10, 2020, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020). Plaintiff remains warned.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 24, 2020
      New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge